UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| DANIEL ZACHARY JOHNSON,<br>157 Aerie Lane<br>Harpers Ferry, WV 25425<br><br>　　　　　　　Plaintiff,<br>　v.<br><br><br>FAXONME, LLC DBA RENTER RESUME<br>SERVE:　Joshua Hines, CEO<br>　　　　　10 Longstream Court, Unit 202<br>　　　　　Baltimore, MD 21209<br><br>　　　　　　　Defendant. | Civil Action No.: 1:17-cv-00077 |

**COMPLAINT**

The Plaintiff, Daniel Zachary Johnson ("Mr. Johnson"), states as follows:

**INTRODUCTION**

1.　This is an action for actual, statutory and punitive damages, costs and attorney's fees brought against the Defendant pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit Reporting Act or "FCRA").

2.　Defendant, FAXONME, LLC does business under the name of "Renter Resume" ("Defendant") and is a consumer-reporting agency that compiles and maintains files on consumers on a nationwide basis. It then sells and furnishes consumer reports to management companies and landlords who use the reports to make decisions whether or not to provide housing to prospective tenants.

3. In the Spring of 2015, Mr. Johnson and his wife attempted to rent a single family residence in Baltimore, Maryland. Defendant provided the property manager with a consumer report that contained grossly inaccurate information regarding Mr. Johnson including multiple criminal convictions of rape, obstruction of justice, and registry on numerous state sex offender registries.

4. Defendant mixed the criminal history of strangers with similar names with Mr. Johnson. As a result of this inaccurate report, the property manager denied Mr. Johnson the opportunity to rent a single-family home for his family. Accordingly, Mr. Johnson alleges a claim under 15 U.S.C. § 1681e(b), which required that Defendant use "reasonable procedures to assure maximum possible accuracy" in the publication of Mr. Johnson's consumer report.

5. Mr. Johnson also alleges that Defendant violated § 1681g, which requires consumer reporting agencies to provide consumers with a copy of their consumer file if they request it. Defendant refused to do so, and, thus deprived Mr. Johnson of valuable congressionally mandated information and made it more difficult for Mr. Johnson to correct and prevent further dissemination of errors relating to the derogatory criminal public records erroneously attributed to him.

## JURISDICTION

6. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(b) and Local Rule 501(b)(ii) because Defendant resides in this Division and Plaintiff is a non-resident of Maryland.

## PARTIES

7. Mr. Johnson is a natural person and a "consumer" as protected and governed by

the FCRA.

8.   Defendant is a Maryland limited liability company who sells prospective tenant screening services to landlords.

9.   Defendant is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

## FACTUAL ALLEGATIONS

10.   In April, 2015, Mr. Johnson and his wife engaged a real estate agent to locate a house for them in the Baltimore area. Mr. Johnson had obtained new employment working with children in the Baltimore area and needed to secure housing by April 30, 2015. Additionally, Mr. Johnson's wife was eight month's pregnant

11.   Their agent located a potential house at 5302 Barbara Avenue, Baltimore, Maryland 21206.

12.   On April 7, 2015, they provided an application to the property manager, Karen Stevenson, with Keller Williams Excellence ("the Property Manager").

13.   On or about April 13, 2015, the Property Manager directed Mr. Johnson and his wife to complete an application on www.RenterResume.com–a tenant screening portal owned and operated by Defendant—in connection with the application.

14.   On or about April 13, 2015, Defendant provided a consumer report to the Property Manager a report for a fee that contained an "InstaCriminal National Alias Search" showing numerous "Records Found" for "Daniel Zachary Johnson" using his birthday of "5-7-XXXX" and stating numerous grossly false facts ("the Disputed Records") including but not

limited to that Mr. Johnson:

- Was listed on the Washington State Sex Offender Registry;
- Was listed on the Oregon State Sex Offender Registry;
- Was listed on the Wisconsin State Sex Offender Registry;
- That he was convicted of Rape in the Third Degree on August 10, 2006 in Washington State;
- That he was convicted of Second-Degree Sexual Assault in Milwaukee, Wisconsin on January 1, 2007.
- That he had been convicted of an "UNSPECIFIED" offense requiring sex offender registration in Lane County, Oregon.
- Had been charged with Obstruction of Justice By Disguise in Bay County, Florida
- Had tattoos on his arms stating "Me Against the World"

15. All of the facts contained in the consumer report and contained in paragraph 15 are false, grossly inaccurate, and derogatory.

16. On April 14, 2015, Mr. Johnson and his wife were denied the opportunity to rent the property without explanation.

17. On April 15, 2015, Mr. Johnson and his wife contacted the agents and were advised of the contents of the background report.

18. Upon information and belief, this inaccurate reporting was caused by Defendant's failure to follow reasonable procedures to assure the maximum possible accuracy in the preparation of the consumer reports it published and maintained regarding Mr. Johnson.

19. If Defendant had reasonable procedures (or any procedures whatsoever), it could have easily determined that the information in Mr. Johnson's consumer report belonged to another person with a similar name. For example, none of the prior addresses shown on the credit portion of the report were in Wisconsin, Oregon, Washington or Florida.  Mr. Johnson had never worked or lived in those states.

20. Similarly, Mr. Johnson did not share the same name, social security number or

date of birth as the "Daniel Lee Johnson" or "Daniel John Lee Johnson" listed on two records, or the same birthday or physical characteristics of the "Daniel Johnson" listed on the Wisconsin Sex Offender Registry – who according to the registry was still incarcerated in April, 2015 at the Milwaukee Secure Detention Facility.

21.     In its report, Defendant further specifically states:

"Records Found" means that our researchers found a record(s) in that jurisdiction that matched the SSN and at least one personal identifier (i.e., Name or Date of Birth) listed for the subject of the investigation, but only that it is accurately copied from public records.

Defendant did not match the full name, date of birth or social security number for any of the Disputed Records.

22.     The existence of this report was very stressful to Mr. Johnson because it put his family's housing at risk while his wife was eight months pregnant, and because his new employment position required interaction with children and criminal background screening.

23.     After Mr. Johnson learned about the inaccurate and derogatory report, Mr. Johnson mailed a letter to Defendant on October 10, 2015, which requested a complete copy of his credit file.

24.     Defendant never responded to Mr. Johnson's letter.

25.     Mr. Johnson sent a second letter on November 24, 2015, requesting a complete copy of his credit file.

26.     Again, Defendant never responded.

27.     At all times relevant hereto, Defendant's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without

limitation, Defendant's conduct was willful because it was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that Defendant or other consumer reporting agencies have been subject to court decisions critical of similar conduct; and Defendant will continue to engage in this conduct because it believes there is greater economic value in selling over-inclusive consumer reports and hiding information from consumers.

### COUNT ONE - FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)

28. Mr. Johnson reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

29. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding Mr. Johnson.

30. As a result of Defendant's conduct, Mr. Johnson suffered actual damages including but not limited to: denial of an ideal home for Mr. Johnson and his family, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

31. Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering it liable pursuant to 15 U.S.C. § 1681n.  In the alternative, the Defendant was negligent, entitling Mr. Johnson to recover under 15 U.S.C. § 1681o.

32. Mr. Johnson is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT TWO: FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681g

33. Mr. Johnson reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

34. Defendant violated 15 U.S.C. §1681g by failing to provide Mr. Johnson with a copy of his consumer disclosure after he requested it on two separate occasions.

35. Mr. Johnson is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendant, for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED.**

    Respectfully Submitted,
    **DANIEL ZACHARY JOHNSON**

    By:___*/s/ Kristi C. Kelly*_____
                     Counsel

Kristi Cahoon Kelly(No. 07244)
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Telephone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com

Scott A. Surovell, Esq. (*to be admitted*)
Surovell Isaacs Petersen & Levy PLC
4010 University Drive, Suite 200
Fairfax, VA 22030
Telephone: 703.277.9750
Facsimile: 703.591.9285
Email: ssurovell@siplfirm.com

*Counsel for Plaintiff*